Case 4:24-cv-02902   Document 24   Filed on 07/29/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH VALENTINI JR., *et al.*, § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> STONEX FINANCIAL, INC., § <br> Defendant. § | CIVIL ACTION NO. 4:24-CV-02902 |

## MEMORANDUM OPINION AND ORDER

This is a proceeding to vacate an arbitration award. Pending before the Court is Respondent StoneX Financial's Motion to Dismiss the Declaratory Judgment Cause of Action (Dkt. 14), Respondent StoneX Financial's Motion to Confirm the Arbitration Awards (Dkt. 15), and Petitioners John Valentini, John Joseph Valentini, and Lynn Valentini's Motion to Vacate the Arbitration Awards (Dkt. 17). After careful consideration of the record and the applicable law, the Court **GRANTS** Respondent StoneX Financial's Motions (Dkts. 14, 15) and **DENIES** Petitioners John Valentini, John Joseph Valentini, and Lynn Valentini's Motion (Dkt. 17).

### I.    FACTUAL BACKGROUND

The parties in this matter engaged in an eight-day arbitration in March and April of 2024. (Dkt. 15 at p. 1). The three-arbitrator panel ultimately issued five awards in favor of Respondent StoneX Financial ("StoneX") and against the Petitioners John Valentini, John Joseph Valentini, and Lynn Valentini (collectively, the "Valentinis"). (*Id*. at p. 4). The awards were issued on April 22, 2024. *Id*. The Valentinis filed a Petition to Vacate the

arbitration awards in state court on April 29, 2024, but they did not serve StoneX or its counsel until August 2, 2024. *Id*. The Valentinis' petition argues, among other things, that the arbitration awards should be vacated because the chairman of the arbitration was biased, the panel conducted an independent investigation, and the arbitrators exceeded their powers. (Dkt. 1-2 at pp. 12 – 13). The Valentinis also pursue declaratory relief under Texas's Uniform Declaratory Judgment Act, seeking a declaration that the awards should be vacated. (*Id*. at p. 12).

StoneX has filed a Response in Opposition to Petitioners' Petition (Dkt. 11), a Motion to Dismiss Petitioners' Declaratory Judgment Cause of Action (Dkt. 14), and a Motion to Confirm the Arbitration Awards (Dkt. 15). StoneX argues primarily that a declaratory judgment is not the appropriate vehicle under which to vacate an arbitration award and that the Valentinis failed to timely serve StoneX with their petition. *See* (Dkts. 14, 15). The Valentinis have both responded in opposition to the motions and filed a separate Motion to Vacate the Arbitration Awards (Dkt. 17). In their response, the Valentinis focus on the merits of their motion to vacate without addressing the delay in serving StoneX. *See* (Dkts. 17, 21).

## II. LEGAL STANDARD

The Federal Arbitration Act ("the FAA") reflects a national policy favoring arbitration. *Cooper v. WestEnd Capital Mgmt., L.L.C.,* 832 F.3d 534, 543–44 (5th Cir. 2016) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008)). "In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is

extraordinarily narrow." *Cooper*, 832 F.3d at 543-44 (quoting *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471–72 (5th Cir. 2012)). A district court's review of an arbitration decision is "exceedingly deferential." *Rain CII Carbon, LLC*, 674 F.3d at 472 (citation and internal quotation marks omitted). "An award may not be set aside for a mere mistake of fact or law." *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007); *see also Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662, 671 (2010) ("It is not enough for petitioners to show that the panel committed an error—or even a serious error."). Any doubts or uncertainties must be resolved in favor of upholding it. *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 385 (5th Cir. 2004).

### III.   ANALYSIS

The Court finds that StoneX's motions must be granted. Neither Texas nor federal law allows for the Court to vacate an arbitration award through a declaratory judgment. Further, the Valentinis were untimely in serving StoneX with their petition in violation of the FAA. Finally, StoneX timely moved for confirmation of the arbitration awards. The awards must be confirmed, and the Valentinis' motion must be denied.

> i.   *Declaratory Judgment*

StoneX moves to dismiss the Valentinis' claim for declaratory judgment under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 14). In their petition, the Valentinis explain that they "are presenting the declaratory relief of this lawsuit for the sole purpose of vacating the [arbitration] awards." (Dkt. 1-2 at p. 12). However, "[s]ection 10 of the FAA provides the **exclusive** statutory grounds" for vacatur of an arbitration award. *United*

*States Trinity Energy Servs., L.L.C. v. Se. Directional Drilling, L.L.C.*, 135 F.4th 303, 308 (5th Cir. 2025) (emphasis added).[1] Accordingly, the Valentinis may not pursue such relief under the Uniform Declaratory Judgment Act, and the Court must grant StoneX's motion to dismiss this claim (Dkt. 14).

    ii.    *Motion to Vacate*

The Valentinis filed their petition seeking vacatur of the arbitration awards on April 29, 2024. (Dkt. 1-2). They served StoneX on August 2 of the same year—95 days after filing the petition and 102 days after the award. (Dkt. 15 at p. 4). After StoneX removed the matter to this Court, the Valentinis filed their separate motion to vacate on October 25, 2024. (Dkt. 17). "Section 12 [of the FAA] requires that '[n]otice of a motion to vacate … an award must be served upon the adverse party … within three months after the award is filed or delivered.'" *Imperial Indus. Supply Co. v. Thomas*, 825 F. App'x 204, 207 (5th Cir. 2020) (citing 9 U.S.C. § 12). Here, service of the petition came over three months after the award, and the separate motion to vacate was filed over five months after the award. (Dkt. 15 at p. 4). The Valentinis did not timely serve the petition on StoneX, nor did they timely file their separate motion to vacate. Accordingly, the Court must deny the Valentinis' motion (Dkt. 17).

    iii.    *Motion to Confirm*

StoneX filed its Motion to Confirm the Arbitration Awards on October 21, 2024. (Dkt. 15). In its motion, StoneX argues that the Valentinis have not paid any of the amounts

---

[1] The Valentinis agree that the FAA controls. (Dkt. 1-2 at p. 4) ("Plaintiff Valentinis pursuant to Section 10 of the [FAA] hereby moves the Court to vacate five arbitration awards.").

awarded to StoneX by the arbitrators and that there is no cause to vacate or modify the award. *Id*. The Court agrees.

"Section 9 of the FAA empowers courts to confirm or enforce arbitration awards." *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271 (5th Cir. 2025). "[A]t any time within one year after the award is made any party to the arbitration may apply to the court … for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. StoneX's motion was filed within one year after the awards were made, and the Court finds that the awards need not be vacated or modified. Accordingly, StoneX's motion to confirm the arbitration awards (Dkt. 15) must be granted.

## IV.     CONCLUSION

The Court finds that the Valentinis have not timely moved for vacatur of the arbitration awards. Accordingly, the Valentinis' Motion to Vacate the awards (Dkt. 17) is **DENIED** and StoneX's motions (Dkts. 14, 15) are **GRANTED**. The awards in NFA Case Numbers 19-ARB-134, 19-ARB-196, 19-ARB-197, and 19-ARB-198 are **CONFIRMED** pursuant to Section 9 of the FAA.

The Court **ORDERS** StoneX to file a proposed final judgment, including proper updated post-award prejudgment interest, **by Monday, August 4, 2025.**

The Court **ORDERS** StoneX to file any motion for attorney's fees in accordance with the deadlines contained in the Federal Rules.

SIGNED at Houston, Texas on July 29, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE